1  EDMUND G. BROWN JR.
     Attorney General of the State of California
2  MIGUEL A. NERI
     Supervising Deputy Attorney General
3  FIEL D. TIGNO
     Supervising Deputy Attorney General
4  MARY S. CAIN-SIMON (State Bar No. 113083)
     Deputy Attorney General
5  1515 Clay Street, Suite 2000 ~ P. O. Box 70550
   Oakland, CA 94612-0550
6  Telephone:  (510) 622-2119
   Facsimile:   (510) 622-2270
7  E-mail:      Mary.CainSimon@doj.ca.gov

8  Attorneys for Defendant,
   The California State University

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **PIOTR J. GARDIAS,** | Case No.:   C07-06242 HRL |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | |
| **THE CALIFORNIA STATE UNIVERSITY, SAN JOSE STATE UNIVERSITY,** | |
| Defendant(s). | |

1  Defendant The Board of Trustees of the California State University, which is the
2  State of California acting in its higher education capacity (erroneously sued as "California State
3  University" and San Jose State University) (hereinafter "CSU") in response to the complaint
4  on file as Case Number C07-06242 HRL, herein admits, denies, and alleges as follows:
5      1.  Answering paragraph 1 of the complaint, defendant admits plaintiff's residence
6  address.
7      2.  Answering paragraph 2 of the complaint, defendant denies that the complaint
8  sets forth the address of defendant's headquarters.
9      3.  Answering paragraph 3 of the complaint, which states no factual allegations
10 which defendant can admit or deny, on the basis of information and belief, defendant denies
11 any factual allegations which can be implied from paragraph 3 of the complaint.  Defendant has
12 specifically raised affirmative defenses to the jurisdiction of this court elsewhere in its answer.
13     4.  Answering paragraph 4 of the complaint, defendant specifically denies each and every
14 fact contained therein to the extent that plaintiff claims those facts are a result of discrimination.
15     5.  Answering paragraph 5 of the complaint, defendant denies it has engaged in
16 any discriminatory conduct whatsoever.  As to plaintiff's allegation regarding his disability,
17 defendant does not possess sufficient facts on which either to admit or deny that plaintiff
18 has a disability as defined by statute.  Defendant has specifically raised affirmative defenses to
19 the jurisdiction of this court over defendant with respect to the ADEA elsewhere in its answer.
20 As to Plaintiff's allegation regarding "Equal Pay", to the extent that statement may be read
21 as stating a claim under the Equal Pay Act, defendant raises affirmative defenses elsewhere
22 in this answer which dispute the legal allegations regarding the applicability of the EPA,
23 and, on information and belief, deny the factual allegations which are implied by plaintiff's
24 use of the phrase "Equal Pay."
25 ///
26 ///
27 ///
28 ///

Answer to Complaint                                                              Case No. C07-06242 HRL

1

6.     Answering paragraphs 6 and 7 of the complaint, defendant denies that plaintiff has been verbally harassed, mocked, or humiliated by defendant. Defendant denies that plaintiff received a poor performance evaluation because of his discrimination complaints. Defendant denies that plaintiff was entitled to promotion as plaintiff states, but admits that plaintiff was informed he is a highly paid and experienced employee within his current job application who should be in a position to mentor staff. Defendant denies that it "chose applicants not qualified for positions" which plaintiff applied for. Defendant admits that plaintiff has written numerous complaints, but denies the remaining facts in this paragraph to the extent that plaintiff claims he has placed defendant on notice of "all" his claims of discrimination. Defendant asserts that plaintiff has applied for positions for which he lacks sufficient skills and/or qualifications and accordingly he has not been the successful candidate for those positions. Defendant also alleges that legitimate business reasons justify each of its hiring and other managerial decisions with respect to plaintiff. Defendant further denies, on information and belief, any factual allegations which can be inferred from plaintiff's reference to correspondence and other documents which are not attached to the complaint. Defendant denies that plaintiff has been subjected to discrimination between May 30, 2007 and November 30, 2007. Except as otherwise alleged in this paragraph, defendant denies any and all other allegations in paragraphs 6 and 7 of the Complaint.

7.     Answering paragraph 8 of the Complaint, defendant admits on information and belief that plaintiff filed EEOC charge number 556-2007-00687, but denies on information and belief that defendant has been placed on notice of other, later EEOC charges.

8.     Answering paragraph 9 of the Complaint, defendant admits on information and belief that plaintiff was issued a right to sue letter received by plaintiff on or about November 29, 2007.

9.     Paragraph 10 contains no factual allegations which defendants can admit or deny.

///
///
///
///

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1

The complaint and each cause of action therein fail to state facts sufficient to constitute a cause of action.

### AFFIRMATIVE DEFENSE NO. 2

The complaint and each cause of action therein are barred and this Court is without jurisdiction because plaintiff has failed to exhaust administrative remedies.

### AFFIRMATIVE DEFENSE NO. 3

The complaint and each cause of action therein are barred because the facts or legal theories alleged by plaintiff exceed the scope of his administrative claim filed with the Equal Employment Opportunity Commission and/or Department of Fair Employment and Housing.

### AFFIRMATIVE DEFENSE NO. 4

No affirmative relief is warranted because any and all occurrences of which plaintiff complains were due to reasons other than discrimination on account of national origin, age, race, gender or any other impermissible basis.

### AFFIRMATIVE DEFENSE NO. 5

Plaintiff's claims for damages are barred to the extent that plaintiff has failed to mitigate his damages.

### AFFIRMATIVE DEFENSE NO. 6

CSU is not vicariously liable for any act or omission of any other person, by way of respondeat superior, agency, or otherwise.

### AFFIRMATIVE DEFENSE NO. 7

Plaintiff is estopped by his own conduct from claiming the damages alleged in the complaint.

### AFFIRMATIVE DEFENSE NO. 8

Plaintiff is barred from relief herein by virtue of unclean hands.

### AFFIRMATIVE DEFENSE NO. 9

The complaint and each cause of action therein are barred pursuant to the Workers' Compensation Act, which provides the exclusive remedy.

**AFFIRMATIVE DEFENSE NO. 10**

The complaint and each cause of action therein are barred by applicable statutes of limitation.

**AFFIRMATIVE DEFENSE NO. 11**

The damages alleged in the complaint, if any, were caused solely by other parties or persons over which defendant has no control.

**AFFIRMATIVE DEFENSE NO. 12**

The complaint and each cause of action therein are barred as against defendant CSU because, at all relevant times, defendant CSU's actions with respect to plaintiff were taken in the legitimate exercise of managerial discretion based on nondiscriminatory reasons. Defendant CSU acted at all times within the scope of discretion, in good faith and with due care, pursuant to applicable policies, procedures, regulations and laws.

**AFFIRMATIVE DEFENSE NO. 13**

Defendant is shielded from liability by immunity including, but not limited to, the immunities provided by Government Code sections 815.2, 818.2, 820.2, 820.4, 820.8 and 821.6.

**AFFIRMATIVE DEFENSE NO. 14**

If plaintiff is entitled to any recovery, such recovery must be reduced pursuant to the doctrine of comparative fault.

**AFFIRMATIVE DEFENSE NO. 15**

If plaintiff is entitled to any recovery, defendant is entitled to set off any prior recoveries, compensation or benefits plaintiff has received in connection with the injuries or claims identified in this case and/or from any collateral sources.

**AFFIRMATIVE DEFENSE NO. 16**

If plaintiff is entitled to any recovery, such recovery must be reduced pursuant to Government Code section 985.

**AFFIRMATIVE DEFENSE NO. 17**

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.

**AFFIRMATIVE DEFENSE NO. 18**

Defendant did not act with malicious intent to deprive plaintiff of any right or to cause any other injury and therefor are not liable for any alleged injury.

**AFFIRMATIVE DEFENSE NO. 19**

Plaintiff's claims for punitive damages are barred by law.

**AFFIRMATIVE DEFENSE NO. 20**

Defendant exercised reasonable care to prevent and correct promptly the behavior alleged by plaintiff.

**AFFIRMATIVE DEFENSE NO. 21**

Plaintiff unreasonably failed to take advantage of the reasonable preventive and corrective opportunities provided by CSU, or to avoid harm otherwise.

**AFFIRMATIVE DEFENSE NO. 22**

Defendant CSU is not liable for the alleged acts of any employee who was not CSU's agent, manager or supervisor, and CSU neither knew, nor should have known, of the alleged acts of any non-supervisorial employees.

**AFFIRMATIVE DEFENSE NO. 23**

Plaintiff did not timely file a claim that satisfies the requirements of the California Tort Claims Act.

**AFFIRMATIVE DEFENSE NO. 24**

Plaintiff's claims are barred in whole or in part because they have been voluntarily waived by plaintiff.

**AFFIRMATIVE DEFENSE NO. 25**

The complaint and each cause of action therein are uncertain.

**AFFIRMATIVE DEFENSE NO. 26**

The complaint and each cause of action therein fail to state facts sufficient to justify an award of punitive damages.

///

///

**AFFIRMATIVE DEFENSE NO. 27**

The alleged harm suffered by plaintiff was caused without any knowledge or prior notice to CSU, and CSU could not have otherwise known of the alleged harm. Once CSU became aware of the alleged harm CSU took appropriate and immediate corrective action.

**AFFIRMATIVE DEFENSE NO. 28**

The alleged acts of defendant were not outrageous and therefore do not support plaintiff's claim for intentional infliction of emotional distress.

**AFFIRMATIVE DEFENSE NO. 29**

The conduct alleged by plaintiff was not sufficiently severe or pervasive to warrant an award of punitive damages.

**AFFIRMATIVE DEFENSE NO. 30**

Plaintiff's claims are barred because he has failed to exhaust his administrative remedies.

**AFFIRMATIVE DEFENSE NO. 31**

Defendant generally demurs to the complaint as it fails to state a cause of action.

**AFFIRMATIVE DEFENSE NO. 32**

Plaintiff's complaint is barred by the sovereign immunity granted to State of California by the Tenth and Eleventh Amendments to the United States Constitution.

**AFFIRMATIVE DEFENSE NO. 33**

Because the complaint is couched in conclusionary terms, defendant cannot fully anticipate all of the affirmative defenses that may apply, and therefore reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses are applicable.

**AFFIRMATIVE DEFENSE NO. 34**

Defendant alleges it acted in justifiable reliance upon federal regulations and interpretations thereof by the U.S. Department of Labor.

**AFFIRMATIVE DEFENSE NO. 35**

Defendant alleges that the subject matter of plaintiff's complaint is subject to the grievance and arbitration procedure as set forth in the collective bargaining agreement between plaintiff's union and the State of California, which procedures are binding upon plaintiff and which

plaintiff has failed to follow, and therefore this action is barred.

**AFFIRMATIVE DEFENSE NO. 36**

This action was filed and is maintained without reasonable cause and without a good faith belief on the part of plaintiff that there is a justiciable controversy under the facts and law to warrant such filing of the pleading.

**AFFIRMATIVE DEFENSE NO. 37**

The complaint presents no actual controversy or justiciable question which is presently suitable for determination in this honorable court.

**AFFIRMATIVE DEFENSE NO. 38**

The complaint fails to state a cause of action for injunctive relief as there is no continuing or irreparable future harm and as there is no justiciable case or controversy.

**AFFIRMATIVE DEFENSE NO. 39**

Defendant had no duty to take any action with regard to any employee, or other person, with regard to the incidents referred to in plaintiffs' complaint.

**AFFIRMATIVE DEFENSE NO. 40**

Defendant's alleged decisions regarding plaintiff's employment were not motivated by any discriminatory animus, but arose solely from legitimate and other proper managerial concerns, including, but not limited to, plaintiff's lack of necessary experience, background, ability, interpersonal skills, communication skills and other job qualifications.

**AFFIRMATIVE DEFENSE NO. 41**

Defendant at all times acted reasonably and in good faith.

**AFFIRMATIVE DEFENSE NO. 42**

This defendant took all reasonable steps necessary to prevent any discrimination of the sort alleged in the complaint from occurring. (Gov. Code, § 12940(i).)

**AFFIRMATIVE DEFENSE NO. 43**

Public entities are immune from suit where their employees are immune from suit, and therefore, these answering defendants are immune. Gov. Code, §815.2(a), (b); *Bradford v. State of California* (1973) 36 Cal. App. 3d 16, *Farmers Ins. Group v. County of Santa Clara*

Answer to Complaint                                      Case No. C07-06242 HRL

1 | (1995) 11 Cal.4th 992.

**AFFIRMATIVE DEFENSE NO. 44**

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code §§815.2, 820.2; *Caldwell v. Montoya* (1995) 10 Cal.4th 972.

**AFFIRMATIVE DEFENSE NO. 45**

The California Tort Claims Act bars vicarious liability for any act or omission of any other person, by way of respondent superior or otherwise. Gov. Code, §§ 815.2, 820.8.

**AFFIRMATIVE DEFENSE NO. 46**

There is no liability in that the acts alleged in the complaint, if done at all, were done in the execution and enforcement of the law while exercising due care. Gov. Code, §§ 815.2, 820.4.

**AFFIRMATIVE DEFENSE NO. 47**

There is no liability for any injury or damages, if any there were, resulting from adopting or failing to adopt an enactment or from the failure to enforce law. Gov. Code, §§ 815.2, 818.2, 821.

**AFFIRMATIVE DEFENSE NO. 48**

Plaintiffs' own conduct and/or statements estop plaintiff from claiming the damages alleged in the complaint.

**AFFIRMATIVE DEFENSE NO. 49**

At all relevant times, plaintiff had a duty to mitigate the alleged injuries and damages. Plaintiff failed to mitigate the alleged injuries and damages, including and not limited to failing to promptly and diligently seek employment opportunities elsewhere.

**AFFIRMATIVE DEFENSE NO. 50**

Defendant alleges that any existing wage differential that may exist between the plaintiff and other workers performing equal work is due to a bona fide seniority system.

**AFFIRMATIVE DEFENSE NO. 51**

Defendant alleges that any existing wage differential that may exist between the plaintiff and other workers performing equal work is due to a merit system.

**AFFIRMATIVE DEFENSE NO. 52**

Defendant alleges that any existing wage differential that may exist between the plaintiff and other workers performing equal work is due to quantity and quality of production.

**AFFIRMATIVE DEFENSE NO. 53**

Defendant alleges that any existing wage differential that may exist between the plaintiffs and other workers performing equal work is due to factors and conditions other than gender, age, disability status or national origin of the plaintiff.

**AFFIRMATIVE DEFENSE NO. 54**

This action was filed and is maintained without reasonable cause and without a good faith belief on the part of plaintiff that there is a justiciable controversy under the facts and law to warrant its filing.

**AFFIRMATIVE DEFENSE NO. 55**

The complaint presents no actual controversy or justiciable question which is presently suitable for determination in this court.

**AFFIRMATIVE DEFENSE NO. 56**

Defendant's alleged decisions regarding the job classification of which plaintiff is a member were not motivated by any discriminatory animus, but arose solely from legitimate budgetary and other proper managerial concerns.

**AFFIRMATIVE DEFENSE NO. 57**

Defendant alleges that any existing wage differential that may exist between plaintiff and any worker whom plaintiff alleges is performing equal work is due to collective bargaining and the actions of plaintiff's exclusive bargaining agent.

///
///
///
///
///
///

WHEREFORE, defendant CSU prays as follows:

1. That plaintiff take nothing by his complaint;
2. That judgment be entered in favor of defendant CSU and against plaintiff;
3. That the unverified complaint be dismissed in its entirety with prejudice;
4. For costs of suit;
5. For reasonable attorneys' fees expended in the defense hereof;
6. For such other and further relief as the Court deems just and proper.

Dated: January 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
MIGUEL A. NERI
Supervising Deputy Attorney General
FIEL D. TIGNO
Supervising Deputy Attorney General


/S/       Mary S. Cain-Simon
MARY S. CAIN-SIMON
Deputy Attorney General

Attorneys for Defendant,
The California State University

1 **PROOF OF SERVICE**
**Page 1 of 2**
2

3  **CASE NAME:**   Piotr J. Gardias v. San Jose State University

4  **CASE NO.:**   C07-06242 HRL in the United States District Court,
                   Northern Division of California
5

I am employed in the County of Alameda, California. I am over the age of 18 years and
6  not a party to the within entitled cause; my business address is 1515 Clay Street, 20th Floor,
Oakland, California 94612-1413. On January 8, 2008, I served the following document(s):
7

**ANSWER TO COMPLAINT**
8

on the parties through their attorneys of record, by placing true copies thereof in sealed
9  envelopes addressed as shown below for service as designated below:

10   (A) **By First Class Mail:** I caused each such envelope to be placed in the internal mail
         collection system at the Office of the Attorney General with first-class postage thereon
11       fully prepaid in a sealed envelope, for deposit in the United States Postal Service
         that same day in the ordinary course of business.
12
     (B) **By Certified Mail:** I caused each such envelope to be placed in the internal mail
13       collection system at the Office of the Attorney General with first-class postage thereon
         fully prepaid in a sealed envelope, for deposit in the United States Postal Service
14       that same day in the ordinary course of business.

15   (C) **By Overnight Mail:** I caused each such envelope to be placed in a box or
         other facility regularly maintained by the express service carrier, or delivered to
16       an authorized courier or driver authorized by the express service carrier to receive
         documents, in an envelope or package designated by the express service carrier
17       with delivery fees paid or provided for.

18   (D) **By Messenger Service:** I caused each such envelope to be delivered by a courier,
         with whom we have a direct billing account, who personally delivered each such
19       envelope to the office of the address on the date last written below.

20   (E) **By Facsimile:** I caused each such document to be served via facsimile electronic
         equipment transmission (fax) on the parties in this action by transmitting a true copy
21       to the following fax numbers listed under each addressee below.

22   (F) **By E-mail:** I caused such document to be served by e-mail by transmitting a true copy
         as an attachment to an electronic mail to the following e-mail addresses listed adjacent
23       to each addressee below.

24  ///

25  ///

26  ///

27  ///

28  ///

Answer to Complaint                                                    Case No. C07-06242 HRL

1

**PROOF OF SERVICE**
**Page 2 of 2**

2

3   **TYPE OF SERVICE**          **ADDRESSEE**

4   (C)                          Piotr J. Gardias
                                 72 Floyd Street
5                                San Jose, CA  95110

6                                *Plaintiff in Pro Per*

7   I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on January 8, 2008, at Oakland, California.

8

9

                                 /S/         David B. Moss
10                               DAVID B. MOSS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer to Complaint                                              Case No. C07-06242 HRL