1  EDMUND G. BROWN JR.
     Attorney General of the State of California
2  MIGUEL A. NERI
     Supervising Deputy Attorney General
3  FIEL D. TIGNO
     Supervising Deputy Attorney General
4  MARY S. CAIN-SIMON (State Bar No. 113083)
     Deputy Attorney General
5  1515 Clay Street, Suite 2000 ~ P. O. Box 70550
   Oakland, CA 94612-0550
6  Telephone:   (510) 622-2119
   Facsimile:    (510) 622-2270
7  E-mail:        Mary.CainSimon@doj.ca.gov

8  Attorneys for Defendant,
   The California State University,
9  erroneously sued as San Jose State University

10

11            IN THE UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

15  PIOTR J. GARDIAS,                          Unconsolidated Case No. C07-06242 HRL

16                          Plaintiff,         **DEFENDANT'S CASE MANAGEMENT
                                               CONFERENCE STATEMENT**
17               v.
                                               Hearing Date:  April 1, 2008
18  THE CALIFORNIA STATE UNIVERSITY,           Time:          1:30 p.m.
    SAN JOSE STATE UNIVERSITY,                 Courtroom:     2
19                                             Judge:         Hon. Howard R. Lloyd
                            Defendant.
20

21

22

23

24

25

26

27

28

Defendant's Case Management Conference Statement          Unconsolidated Case No. C07-06242 HRL

1    Defendant submits this separate case management statement, in view of the fact

2  that plaintiff is unable to meet and confer by telephone during business hours. This statement

3  incorporates information which plaintiff has provided in open court and by way of e-mail

4  to defense counsel.

5                                    **I.**

6                        **JURISDICTION/PARTIES**

7  **A.    Defendant:**

8    The court lacks jurisdiction over defendant The California State University, also erroneously

9  sued herein as San Jose State University, for the following:

10    Plaintiff's claims of age discrimination under the ADEA (no jurisdiction because of

11  Eleventh Amendment to the Constitution of the United States.)

12  **B.    Plaintiff:**

13  _____

14  _____

15  _____

16                                    **II.**

17            **FACTUAL/LEGAL BASIS FOR CLAIMS/ DEFENSES**

18  **A.    Defendant:**

19    1.    The factual basis for defendant's defenses are as follows: Plaintiff claims he was

20  verbally harassed, mocked and humiliated – in reality, plaintiff has made inappropriate demands

21  that upper level management perform basic clerical functions at his request. Plaintiff's claims

22  of harassment amount to nothing more than a manager's statement to plaintiff that plaintiff

23  is a "grown man" capable of performing certain functions for himself. In this case, plaintiff also

24  seeks to re-state claims that he was more qualified than other applicants for various positions.

25  These claims are the subject of plaintiff's consolidated cases. Plaintiff has applied for a number

26  of high level management positions, for which he is not qualified. Plaintiff is currently employed

27  as a Building Service Engineer, a classification he has held for around five years. He has been

28  employed by The California State University since 1989, serving in various mechanical

Defendant's Case Management Conference Statement        Unconsolidated Case No. C07-06242 HRL

1

1  maintenance positions. The essential duties and responsibilities of his current job include

2  requirements to operate, maintain, repair and inspect heating, ventilation and water systems,

3  and related equipment; test, adjust and calibrate machinery such as boilers, air conditioning,

4  and mechanical, electrical and pneumatic and microprocessor control instruments; diagnose

5  and troubleshoot HVAC problems, and other such mechanical maintenance tasks. Plaintiff's job

6  skills have not made him the most qualified applicant for the executive and management level

7  positions he claims should be his.

8       2.   Plaintiff's claims he was verbally harassed, mocked and publicly humiliated

9  are factually untrue. With respect to plaintiff's promotion-related claims, legitimate business

10  justification supports every hiring decision which plaintiff now challenges.

11  **B.  Plaintiff:**

12      The factual and legal basis for plaintiff's claim is as follows:

13  _____

14  _____

15  _____

16  **III.**

17  **FACTUAL AND LEGAL ISSUES GENUINELY IN DISPUTE**

18  **A.  Defendant:**

19      CSU disputes plaintiff's contention that he has been verbally harassed, mocked and publicly

20  humiliated. CSU disputes plaintiff's claim that unqualified persons were hired over him.

21  **B.  Plaintiff:**

22  _____

23  _____

24  _____

25  **IV.**

26  **ISSUES THAT CAN BE NARROWED BY AGREEMENT**

27  **A.  Defendant:**

28      Eleventh Amendment Immunity – cause of action for age discrimination should be

1 | dismissed immediately.

2 | **B.**  **Plaintiff:**

3 | _____

4 | _____

5 | _____

6 | **V.**

7 | **ANTICIPATED MOTIONS**

8 | **A.**  **Defendant:**

9 | Summary Judgment.

10 | **B.**  **Plaintiff:**

11 | _____

12 | _____

13 | _____

14 | **VI.**

15 | **RELIEF SOUGHT BY PLAINTIFF**

16 | **A.**  **Defendant:**

17 | Unknown.

18 | **B.**  **Plaintiff:**

19 | _____

20 | _____

21 | _____

22 | **VII.**

23 | **DISCOVERY**

24 | **A.**  **Defendant:**

25 | 1.    Interrogatories;

26 | 2.    Requests for Admission;

27 | 3.    Request for Production of Documents;

28 | 4.    Plaintiff's deposition;

1    5.    Defendant has subpoenaed plaintiff's complete EEOC and DFEH records.

2 **B.    Plaintiff:**

3    1.    Plaintiff stated in open court that he would waive discovery.  Plaintiff has since stated

4 that he does not wish to waive discovery.

## VIII.

## ARBITRATION

7 **A.    Defendant:**

8    This case is not suitable for reference to binding arbitration.

9 **B.    Plaintiff:**

10  _____

11  _____

12  _____

## IX.

## TRIAL ISSUES

15 **A.    Defendant:**

16    None.

17 **B.    Plaintiff:**

18  _____

19  _____

20  _____

## X.

## RELATED ISSUES/CASES

23    Are there related issues pending before the judges of this court?  Related cases?

24 **A.    Defendant:**

25    Yes.  Plaintiff's consolidated cases are pending before Magistrate Judge Howard R. Lloyd.

26 **B.    Plaintiff:**

27    No.

28 ///



**XI.**

**CLASS ACTION**

If a class action, how or when will the classes be certified?

**A.   Defendant:**

Not applicable.

**B.   Plaintiff:**

Not applicable.

**XII.**

**DATES**

What are the earliest reasonable dates for discovery cut-off, pre-trial conference and trial?

**A.   Defendant:**

Discovery Cut-off: If plaintiff does not waive discovery, sixty days would be reasonable for discovery in this case. Pre-trial conference and trial dates should be set in accordance with the court's procedure after that time.

**B.   Plaintiff:**

_____

_____

_____

**XIII.**

**PROSPECTS FOR SETTLEMENT**

What are the prospects for settlement?

**A.   Defendant:**

Plaintiff at one point agreed to settle, only to renege. Plaintiff has recently indicated that he will never settle, as he now believes it is his role to oppose management. Defendant remains willing to negotiate on reasonable terms.

///

///

///

Defendant's Case Management Conference Statement          Unconsolidated Case No. C07-06242 HRL

5

**B.    Plaintiff:**

_____

_____

_____

## XIV.

## OTHER MATTERS

Other Matters Conducive to a Just, Speedy and Inexpensive Determination of Action:

**A.    Defendant:**

Plaintiff's case is meritless as a matter of law.

**B.    Plaintiff:**

_____

_____

_____

Dated:  March 25, 2008

                                    Respectfully submitted,

                                    EDMUND G. BROWN JR.
                                    Attorney General of the State of California
                                    MIGUEL A. NERI
                                    Supervising Deputy Attorney General
                                    FIEL D. TIGNO
                                    Supervising Deputy Attorney General


                                    /S/        Mary S. Cain-Simon
                                    MARY S. CAIN-SIMON
                                    Deputy Attorney General

                                    Attorneys for Defendant,
                                    The California State University,
                                    erroneously sued as San Jose San University

Defendant's Case Management Conference Statement          Unconsolidated Case No. C07-06242 HRL

1 | **DECLARATION OF SERVICE BY OVERNIGHT COURIER**

2 | Case Name:    Piotr J. Gardias v.
The California State University, San Jose State University

3

4 | Case No.:    Unconsolidated Case No. C07-06242 HRL
in the United States District Court, Northern Division of California

5 | I declare:

6 | I am employed in the Office of the Attorney General, which is the office of a member of
the California State Bar, at which member's direction this service is made. I am 18 years of age
7 | or older and not a party to this matter; my business address is 1515 Clay Street, 20th Floor,
Oakland, California 94612-1413.

8

9 | On March 25, 2008, I served the attached **DEFENDANT'S CASE MANAGEMENT
CONFERENCE STATEMENT** by placing a true copy thereof enclosed in a sealed envelope
10 | with Golden State Overnight addressed as follows:

11 | Piotr J. Gardias
72 Floyd Street
12 | San Jose, CA 95110

13 | *Plaintiff in Pro Per*

14 | I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on March 25, 2008, at Oakland, California.

15

16

17
/s/_____ David B. Moss_____
18 | DAVID B. MOSS

19 | Declarant

20

21

22

23

24

25

26

27

28

Defendant's Case Management Conference Statement    Unconsolidated Case No. C07-06242 HRL