IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| Piotr J. Gardias, | ) | Case No. C09-06242-HRL |
| Plaintiff, | ) | |
| v. | ) | **Re: Defendant's Case Management** |
| San Jose State University, | ) | **Conference Statement** |
| | ) | |
| Defendant. | ) | Date: April 1, 2008, Time: 1:30 p.m. |
| | ) | Courtroom: 2 |
| | ) | Honorable Magistrate Judge Howard R. Lloyd |

Plaintiff received email from Mr. Tim-Smagacz and answered the same day. Plaintiff informed that is working on the Opposition to Ms. Cain-Simon's Summary Judgment and can-not participate in any conference now. Plaintiff did not agree also to phone conference and requested email conference. Defendant did not answer to Plaintiff's email and arranged hearing on April 1, 2008. I express dissatisfaction of this incident. See attached copy of email.

Plaintiff's answer to Defendant's Case Management Conference Statement:

## I. JURISDICTION/PARTIES

**B. Plaintiff:** Plaintiff answered this in the Opposition to Defendant Summary Judgment as follows: Re (2): Page 1, lines 8 & 9.and re page 2 lines 14 up to 16.

> **Plaintiff's answer:** The all plaintiff's age complaints are not barred by the Eleventh Amendment to the United States Constitution because defendant used inhuman action and plaintiff was not aware what defendant was doing. See below plaintiff's answer
>
> Re Page 2, line 27 & 28: Plaintiff had to dismiss case in a State Court lawsuit and transfer all complaints to Federal Court, because plaintiff doubted that he that had a right to continue case in two courts; additionally plaintiff was tired working for two courts. The case in the State Court has not yet been seen by Judge. State Court sent case for ADR.  There was not yet any conversation regarding facts and arguments.
>
> Also, defendant can not say that the same facts and arguments plaintiff has made in the case before the State Court because plaintiff had no yet such conversation with State Court and plaintiff had no full knowledge regarding the case.
>
> On August 2005 defendant called **plaintiff's house** and requested to dismiss the cases. Then plaintiff was released from hospital and ordered to stay home minimum one week under hospital medical control to recover. Plaintiff was weak and agreed to dismiss the case in State Court, because plaintiff was released from hospital and was not able to attend ADR in State Court. See attached Terry Crisp email dated 08/24/2005, the last paragraph. In this paragraph Crisp describes plaintiff's medical status about 10 days after plaintiff's agreement with defendant. Crisp states: **"Piotr appears physically frail"** .This document plaintiff attached to case C06-04695RMW. Only
> inhuman individuals are taking advantage from people being in such situations.

1

Defendant insisted to dismiss case also in Federal Court, but plaintiff did not agree. At that time plaintiff did not know that word prejudice could be used against plaintiff.

Plaintiff was not aware that was cheated by defendant. About 10 days latter, on August 25, 2005, plaintiff got a letter from Brad Davis's office that plaintiff has serious health problems that may endanger him or his colleagues. Nobody was treated like plaintiff when was released from hospital. Opposite, my colleagues were given light duties for a week or two to help them recover. **Plaintiff asks Court for judgment that defendant will not get any benefit.**

## II. FACTUAL/LEGAL BASIS FOR CLAIMS/DEFENSES

**B. Plaintiff:** Plaintiff can not answer this without review all documents. Presently plaintiff is busy working on the Opposition to Defendant Summary Judgment.

**Plaintiff asks Ms. Cain-Simon to confirm that she included in new case the following fact which plaintiff reported to her during last deposition:**
"During last deposition plaintiff reported to defendant that Director Adam Bayer created hostile environment in plaintiff's work place calling "stupid" plaintiff's colleagues George Rivera as well Bob Felice and Dan Cox supervisors. Plaintiff asks Court to accept this issue as a fact. Plaintiff sees this kind of actions as isolating plaintiff in the workplace". If she forget, plaintiff asks to attach a fact to case.

## III. FACTUAL AND LEGAL ISSUES GENUINELLY IN DISPUTE

**B. Plaintiff:** Plaintiff asks defendant to answer "why".

## IV. ISSUES THAT CAN BE NARROWED BY AGREEMENT

**B. Plaintiff:** see Item I, plaintiff request Court for judgment.

## V. ANTICIPATED MOTIONS

**B: Plaintiff: Motion To Consolidate**

## VI. RELIEF SOUGHT BY PLAINTIF

**B: Plaintiff:** will inform Court after reviewing similar cases.

## VII. DISCOVERY

**B: Plaintiff asks Defendant for copies of Bayer's documents which he promised Plaintiff. Plaintiff asks defendant for copies of documents EEOC and DFEH records. Plaintiff asks Court for consolidation this case. And plaintiff will wave discovery.**

## VIII
## ARBITRATION

**B. Plaintiff: This case is not suitable for reference to binding arbitration**

## IX
## TRIAL ISSUES

**B. Plaintiff: not at this time.**

## X. Related ISSUES/Cases

B. Plaintiff: I do not know

## XI. Class Action

B. Plaintiff: I do not know

## XII. DATES

- Plaintiff asks Court to postpone plaintiff's Opposition to Defendant's Summary Judgment for 2 weeks more because plaintiff had to stop this work and prepare himself for hearing. Plaintiff has a lot of work with this job and will not be able to finish at 15 April, 2008. Plaintiff asks Court to plane additional work with Case C07-06242 HRL after plaintiff finish existing duties.

- Plaintiff informs Court that considered Court's and defendant's objections and filed in 2007 medical claim, according to SJSU rules, regarding the Hyperventilation/anxiety. On March 24, 2008 Plaintiff received decision presented in Robert Fautt letter to plaintiff. See attached March 24, 2008 letter to plaintiff regarding the 07/20/2007 Hyperventilation/anxiety. Plaintiff attaches this document and asks Court to accept plaintiff's injury as fact. This document bases on facts from previous consolidated cases and new case C07-06242 HRL not yet consolidated. Plaintiff believes that in existing new situation there is no obstacle to consolidate Case C07-06242 HRL with other cases: the same parties and the same law. Plaintiff understand that defendant will pay plaintiff relief as in another similar cases in U.S. as per this Court judgment.

- Plaintiff would like to waive discovery for Case C07-06242 HRL. If defendant voluntarily submit to plaintiff Adam Bayer's documents which he promised me publicly then plaintiff will have no reason ask judge for order and will wave discovery.

## XIII.
## PROSPECTS FOR SETLEMENT

B. Plaintiff: There is no climate now for any negotiation.

## XIV.

Other Matters Conductive to a Just, Speedy and Inexpensive Determination of Action

B. Plaintiff: Plaintiff's case is not meritless as a matter of law.
Ms. Cain-Simon allegations are not supported by SJSU employees as well by SJSU legitimate business justifications.

DATE: APRIL 01, 2008

Piotr J. Gardias
Plaintiff Pro Se

Copy to: Mary S. Cain-Simon Deputy Attorney General. Office of Attorney General.
1515 Clay Street, Suite 2000. Oakland, Ca 94612.

**Piotr Gardias**

**From:**      Piotr Gardias [piotr.gardias@sjsu.edu]
**Sent:**      Wednesday, March 26, 2008 9:33 AM
**To:**        'Tim_Smagacz@cand.uscourts.gov'
**Cc:**        'Mary CainSimon'
**Subject:** ADR Phone Conference

Piotr Gardias, Plaintiff can not participate now in any conference. Plaintiff is very busy working on the Opposition to Ms. Cain-Simon Revised Notice of Motion and Motion for Summary Judgment. Plaintiff can later participate in ADR conference but Email ADR Conference. Plaintiff is not a lawyer and is danger for him to participate in any other conference.

Piotr Gardias

No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.519 / Virus Database: 269.22.0/1342 - Release Date: 3/25/2008 10:26 AM

Sedgwick Claims Management Services, P.O. Box 2078 • Oakland, CA 94612
PHONE: (510) 302-3000 • FAX: (510) 302-3267

March 24, 2008

Piotr Gardias
72 Floyd Street,
San Jose, CA 95110

| | |
|---|---|
| Employee | Piotr Gardias |
| Employer | San Jose State University |
| Claim # | 200800685 |
| Date of Injury | 07/20/2007  (Hyperventilation/anxiety) |

Dear Mr. Gardias:

Based on Dr. Sidle's 02/29/08 QME report, we accept your claim and will provide workers' compensation benefits. Our records indicate that you have not been off work due to this injury. If you have lost time from work or begin to lose time from work, please contact me immediately.

We will authorize and pay for all necessary medical treatment as outlined by Dr. Sidle and only treatment consistent with the American College of Occupational and Environmental Medicine's Occupational Medicine (ACOEM) Practice Guidelines or the Administrative Director's medical treatment utilization schedule. Accordingly, all medical treatment is subject to utilization review. If you receive any medical bills, please send them to us.

We will reimburse you for your necessary transportation expenses at the rate of 50.5 cents per mile, including bridge tolls and other public transit charges to and from authorized medical treatments. If you incur any out-of-pocket expenses, please save the receipts and we will reimburse you provided that the treatment was pre-authorized and/or approved. Enclosed is a Medical Mileage Reimbursement Form for your use, including directions.

**Please be aware that to pursue your claim further, you have up to five years from the date of injury or one year from the last provision of benefit, whichever is longer.**

Please call Robert Fautt at (510)302-3041 if you have any questions.

Sincerely,

Robert Fautt
Claims Examiner III - CA

Enclosures     **x** Med Mileage Form

Intro Accept Indem After Delay NCD