IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Piotr J. Gardias,           )    Case No. **C07-06242 HRL**
    Plaintiff,          )
v.                          )    **Case Management Conference**
San Jose State University,  )
    Defendant.          )    Date: June 10, 2008, Time: 1:30 p.m.
                            )    Courtroom: 2
                            )    Honorable Magistrate Judge Howard R. Lloyd

### 1. JURISDICTION and SERVICE:
Court Case # C07-06242 HRL regarding EEOC Charge No. 556-2007-00687: Plaintiff served defendant per Court requirements.
The new EEOC Charge # 556-2008-00047C, regarding denying plaintiff's promotions and adverse actions is pending.

### 2. FCTS:
Plaintiff was denied promotion to Facilities Project Supervisor and subjected to adverse actions listed in INDEX VII.2 (corrected by adding item 27). The new EEOC Charge # 556-2008-00047C, regarding denying plaintiff's promotions and adverse actions is pending. Defendant is insured and despite its official declarations discriminates against plaintiff.

During the last deposition plaintiff reported to defendant that Director Adam Bayer created hostile environment in plaintiff's work place calling "stupid" plaintiff's colleagues George Rivera, Bob Filice and Dan Cox. Plaintiff asks Court to accept this issue as a fact, too.

### 3. LEGAL ISSUES: The same as before.
### 4. MOTIONS:
**4.1.** Plaintiff asks Court to Consolidate Cases: The same party and the same law.
  Ms. Cain-Simon stated in her "Revised Notice OF Motion and Motion for Summary Judgment that plaintiff has waived his health claims. But plaintiff corrected later his wrong statement.
  Ms. Cain-Simon does not obey Court Order. See attached San Jose Medical Group's document, which refers to plaintiff and says: "Your patient chart contains a copy of a subpoena dated 7/26/2007 from the <u>United States District Court, Northern District of California for case no. C04-0486HRL, issued by Mary S. Cain-Simon, Deputy Attorney General of the State of California, Department of Justice. The subpoena requires that Dr. Vidya Parameswaran/San Jose Medical Group release all medical records. The subpoena includes your social security number in the description of the records requested for the court</u>".
Plaintiff asks Court to allow plaintiff make a motion regarding these issues, too.
  Defendant stated also that plaintiff failed to exhaust his administrative remedies or file a state tort claim. Plaintiff filed in 2007 worker's compensation claims: No. 200800685 (hyperventilation) and No. 200800784 (leuk). See also attached document: **3. XI. Complaint # 06-04696. Plaintiff's Claims of**

1

"**Accumulated Stresses" Page 23"**.
Plaintiff did not know that he had a right to file a state or federal tort claims.
4.2. Plaintiff asks Court to allow plaintiff make a motion for Court order defendant to stop discrimination against and adverse actions so plaintiff would be not forced to file a new complaints.
4.3. Plaintiff will request Court for judgments to give plaintiff documents which are in defendant's possession but did not submit to plaintiff.
5. **Amendment of Pleadings:** as per Court
6. **Evidence Preservation:** as per Court
7. **Disclosures:** as per Court
8. **Discovery:** as per Court
9. **Class actions:** as per Court
10. **Related Cases:** This case is related to the previous cases. The same parties and the same law.
11. **Relief:** According to Court Judgment
12. **Settlement and ADR:** There is no possibility for the Settlement.
13. **Consent to Magistrate Judge For All Purposes:** Plaintiff agrees
14. **Other References:** as per Court
15. **Narrowing of Issues:** as per Court
16. **Expedited Schedule:** as per Court
17. **Scheduling:** as per Court
18. **Trial:** as per Court
19. **Disclosure of Non-party Interested Entities or Persons:** as per Court
20. **Such other matters as may facilitate the just, speedy and inexpensive deposition of this matter:** as per Court

**Other Matters Conductive to a Just, Speedy and Inexpensive Determination of Action**

Plaintiff's case is not meritless as a matter of law. Defendant's allegations are not supported by SJSU employees as well by SJSU legitimate business justifications. Ms. Cain-Simon continuously repeats that the legitimate business justifications did not allow promote plaintiff from BSE position to management position. However, plaintiff colleague Stan Vaugh, was promoted from BSE position to management position.

DATE: June 09, 2008

Piotr J. Gardias
Plaintiff Pro Se

Copy to: Mary S. Cain-Simon Deputy Attorney General. Office of Attorney General. 1515 Clay Street, Suite 2000. Oakland, Ca 94612.
Enclosure: 1. San Jose Medical Chris Hoskinson Compliance Officer's letter to plaintiff dated October 22, 2007. 1 page
2. XI. Complaint # 06-04696. Plaintiff's Claims of "Accumulated Stresses" Page 23. 1 page

2

**San Jose Medical Group**
OUR PATIENTS. OUR STRENGTH

400 Race Street • San Jose, CA 95126
(408) 278-3000 • www.sanjosemed.com

CONFIDENTIAL

October 22, 2007

Mr. Piotr Gardias
72 Floyd Street
San Jose, CA 95110

Dear Mr. Gardias,

This letter is in response to your inquiry of September 10, 2007 regarding release of medical records. Your inquiry was regarding the appropriateness of release of your medical records and that the medical information may include your social security number.

I obtained your patient chart and performed an investigation. Your patient chart contains a copy of a subpoena dated 7/26/2007 from the United States District Court, Northern District of California for case no. C04-0486HRL, issued by Mary S. Cain-Simon, Deputy Attorney General of the State of California, Department of Justice. The subpoena requires that Dr. Vidya Parameswaran/San Jose Medical Group release all medical records. The subpoena includes your social security number in the description of the records requested for the court.

Based on my review, I have concluded that San Jose Medical Group is legally required to release the requested records, and that your medical chart does not contain your social security number except the number included in the subpoena. No irregularities were noted and San Jose Medical Group did not release your social security number as part of your medical record.

If you have any questions, please feel free to contact me at (408) 278-3018.

Respectfully,

Chris Hoskinson
Compliance Officer

COPY of ORIGINAL LETTER
Sent January 14, 2008

---

Willow Glen Branch
625 Lincoln Avenue

McKee Branch
227 N. Jackson Avenue

Good Samaritan Branch
2585 Samaritan Drive

**XI. Complaint # 06-04696. Plaintiff's Claims of "Accumulated Stresses" Page 23.**
PLAINTIFF"S CLAIMS OF "ACCUMULATED STRESSES" HAS EXPRESSLY WAIVED HIS HEALTHS CLAIMS: CALIFORNIA WORKER'S COMPENSATION STATUTE PROVIDES AN EXCLUSIVE REMEDY, AND HE HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES OR FILE A STATE TERT CLAIM.

Plaintiff's answer: re: Line 26 up to 28 on page 23 and Line 1 up to 3 on page 24.

**Defendant's item A. Plaintiff Failed to Exhaust Administrative Remedies with Respect to His Various Claims of Harassment and Accumulated Stresses. Page 24.**

Plaintiff's answer: re: Line 6 up to 16 on page 23 and Line 1 up to 3 on page 24.
Plaintiff asks Court to consolidate Case No. C07-06242HRL with Case No. C04-04086 HRL, the same parties and the same law.

I, Piotr Gardias, declare:

1. I am employed at the California State University, San Jose (SJSU) campus as Building Service Engineer.
2. Ms. Cain-Simon's stories in **item XI page 23** and **item A page 24** are not true: I do not waive my health claims. I filed worker's compensation claims, see attached Allan C. Sidle, M.D. declaration. I admit that my statement in Court regarding my disability was not proper. I reviewed documents and corrected my statement in Court.
3. In EEOC Charge No. 556-2006-00182 "I complained about age and disability discrimination and retaliation on September 30, 2005". See attached EEOC Charge No. 556-2006-00182 and list of documents attached to case # C06-04695.
4. Ms. Cain-Simon received my entire medical record acting on behalf United States District Court. On April 17, 2008 Ms. Karin Kenyon from San Jose Medical Group told me that "they came and copied my chart in regards to the subpoenas of July 2007". See attached Ms. Cain-Simon's subpoenas dated July, 2007

Enclosures:

1. Allan C. Sidle, M.D. declaration "I declare under penalty of perjury that I have not violated Labor Code Section 139.3, and that the contents of this report and bill are true and correct to the best of my knowledge. Date of Report: February 29, 2008. dated this 29th day of February 2008, at Santa Clara County." 11 pages
2. March 07, 2006 EEOC Charge No. 556-2006-00182. 1 page
3. List of documents attached to case # C06-04695. page 4 and 5.
4. Ms.Cain-Simon's SUBPOENAS dated July 6, 2007 to Peggy Lu, M.D. and to Dr. Vidya Parameswaran. 2 pages.
5. Interceptor, Legal Support Service, Inc and other documents, 8 pages

Executed this 15th day of April, 2008, in the City of San Jose, County of Santa Clara, State of California.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the State of California and the United States of America.

*[signature]*
Piotr Gardias
Declarant

Copy to: Mary S. Cain-Simon Deputy Attorney General. Office of Attorney General. 1515 Clay Street, Suite 2000. Oakland, Ca 94612