EDMUND G. BROWN JR.
  Attorney General of the State of California
MIGUEL A. NERI
  Supervising Deputy Attorney General
FIEL D. TIGNO
  Supervising Deputy Attorney General
MARY S. CAIN-SIMON (State Bar No. 113083)
  Deputy Attorney General
1515 Clay Street, Suite 2000 ~ P. O. Box 70550
Oakland, CA 94612-0550
Telephone:  (510) 622-2119
Facsimile:  (510) 622-2270
E-mail:     Mary.CainSimon@doj.ca.gov

Attorneys for Defendant,
The California State University

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **PIOTR J. GARDIAS,** | Case No.:    C07-06242 HRL |
| Plaintiff, | **OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| **THE CALIFORNIA STATE UNIVERSITY, SAN JOSE STATE UNIVERSITY,** | |
| Defendant(s). | |

1    Plaintiff Gardias is seeking to compel defendant CSU to 1) produce personnel documents

2    related to a co-worker's promotion/assignment-- an assignment which was not the subject of any

3    EEOC complaint and which is not at issue in this lawsuit, and 2.) more documents which

4    plaintiff describes as "2-4 letters" promised to plaintiff by Adam Bayer.  Defendant has provided

5    the responsive documents in its possession which fall in this latter category to plaintiff.  Plaintiff

6    did not confer with defendant prior to filing this motion, and therefore the court may deny the

7    motion for plaintiff's failure to comport with the local rules of the court. But in addition, the

8    motion is substantively deficient and moot.  Plaintiff is not entitled to seek his co-workers'

9    records where those records have nothing to do with plaintiff's claims, and plaintiff cannot

10   compel the production of non-existent documents.  The court should deny plaintiff's motion.

11   **I.   Documents relating to Plumber Supervisor Kym Bersuch are Irrelevant to**
         **Plaintiff's Action.**

12

13   Plaintiff has requested "All documents regarding reassigned Kym Bersuch from plumber

14   supervisor to Facilities Project Supervisor.  Do not send me October 8, 2007 Adam Bayer's letter

15   re Assignment of Kym Bersuch as Facilities Project Supervisor.(sic)" Plaintiff also requested

16   "All documents which Bayer used to justify the assignment Kym Bersuch to Facilities

17   Project Supervisor:  Kym Bersuch education, experience etc."

18   Defendant objected to these requests for production of documents on grounds of relevancy,

19   since  plaintiff did not apply for the position of Facilities Project Supervisor and it is not at issue

20   in this lawsuit.  Defendant furthermore objected to these  document production requests on the

21   grounds they seek to violate Mr. Bersuch's right to privacy.  Based on these objections,

22   Defendant has stated it will produce no records.

23   Defendant has legitimately and in good faith maintained appropriate objections to plaintiff's

24   document production requests to the extent they constitute an unwarranted invasion on the

25   personal privacy rights of his co-workers.  Courts have long recognized that public employees

26   have a reasonable right of privacy in their personnel files.  See *Teamsters Local 856 v. Priceless,*

27   *LLC* (2003) 112 Cal.App.4th 1500, at 1514-1515.  See also *Detroit Edison Co. v. NLRB* (1979)

28   440 U.S. 301, 319, fn. 16, ("A person's interest in preserving the confidentiality of sensitive

1   information contained in his personnel files has been given forceful recognition in both federal

2   and state legislation governing the record keeping activities of public employers and agencies.")

3   See also California Government Code § 8254, which specifically exempts state employee

4   personnel records disclosure to third parties.

5          Plaintiff's legitimate discovery interests do not extend further than the background and

6   qualifications of the successful applicants for positions which are the subject of one of his

7   lawsuits.  Plaintiff is not entitled to seek the records of every employee whom he perceives as

8   being more successful than he.  Mr. Bersuch's records are simply not at issue in this lawsuit.

9   **II.     To the Extent That Defendant Can Understand Plaintiff's Request for "Two or Four Letters" from Adam Bayer, Defendant Has Complied with Plaintiff's**

10  **Request.:**

11  Plaintiff has requested "Two or Four letters which Adam Bayer Director promise give me and I

12  never received them."  Defendant objected  to this document production request on the grounds

13  that it is vague and ambiguous, but after conducting a diligent inquiry, defendant produced the

14  documents identified by bates stamp AGO648-651, 1805, and 1906.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL                    Case No. C07-06242 HRL

27                                         2

1       Defendant invites plaintiff to further identify what documents he is referring to.  Defendant

2  has produced, based on inquiry and good faith belief, the documentation to which plaintiff refers.

3

4  Dated:  August 26, 2008

5                      Respectfully submitted,

6                      EDMUND G. BROWN JR.
                        Attorney General of the State of California

7                      MIGUEL A. NERI
                      Supervising Deputy Attorney General

8                      FIEL D. TIGNO
                      Supervising Deputy Attorney General

9

10

11                    /S/       Mary S. Cain-Simon
                    MARY S. CAIN-SIMON

12                    Deputy Attorney General

13                    Attorneys for Defendant,
                    The California State University

14

15

16

17

18

19

20

21

22

23

24

25

26  OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL           Case No. C07-06242 HRL

27

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Piotr J. Gardias v. The California State University,
San Jose State University**

No.:    **C07-06242 HRL**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 26, 2008, I served the attached **OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at P.O. Box 70550, Oakland, CA 94612-0550, addressed as follows:

Piotr J. Gardias
72 Floyd Street
San Jose, CA 95110
*Plaintiff*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 26, 2008, at Oakland, California.

| Leticia Martinez-Carter | /S/ Leticia Martinez-Carter |
|:---:|:---:|
| Declarant | Signature |

90092336.wpd