*E-FILED 9/22/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS,<br><br>        Plaintiff,<br><br>  v.<br><br>THE CALIFORNIA STATE UNIVERSITY,<br>SAN JOSE STATE UNIVERSITY,<br><br>        Defendant.<br>_____/ | No. C07-06242 HRL<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO COMPEL DOCUMENTS; AND (2) TERMINATING PLAINTIFF'S MOTION TO COMPEL RE DEFENDANT'S SEPTEMBER 4, 2008 NOTICE OF DEPOSITION**<br><br>**[Docket Nos. 29, 32 and 35]** |

      Plaintiff moves to compel documents responsive to several requests for production. The requested documents fall into two general categories: (1) Kym Bersuch's personnel documents pertaining to Bersuch's reassignment to the Facilities Project Supervisor position; and (2) certain letters from Adam Bayer. Defendant opposes the motion. At oral argument, the court also entertained discussion about the scheduling of plaintiff's deposition. Upon consideration of the moving and responding papers, as well as the arguments presented at the September 16, 2008 hearing, the court rules as follows:

      Preliminarily, defendant contends that the motion is procedurally deficient because plaintiff failed to meet-and-confer with defense counsel about the requested documents beforehand. Indeed, Gardias is reminded that, before he files any motion with the court, he is obliged to discuss disputes with defense counsel to see if the parties can resolve the matter on

their own. See FED.R.CIV.P. 37(a)(1) ("The motion [to compel] discovery] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). The court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless the parties have previously conferred for the purpose of attempting to resolve all disputes. CIV. L.R. 37-1(a). Nevertheless, under the circumstances presented here, it appears that the only requests seriously in dispute concern Kym Bersuch's personnel files; and, defendant indicates that it will not produce those documents without a court order. Accordingly, this court will address the merits of the instant motion.

**1.     Kym Bersuch's Personnel File**

Plaintiff seeks documents pertaining to Kym Bersuch's reassignment from plumber supervisor to Facilities Project Supervisor, including all documents Adam Bayer used to justify that reassignment. Defendant argues that Bersuch's personnel files are private and that plaintiff has not put the Facilities Project Supervisor position at issue.

However, this court finds that plaintiff has raised an issue as to the Facilities Supervisor position in his complaint. (See Complaint at 2:19-20). Defendant says that the position is only temporary and that plaintiff never applied for it. But, at the motion hearing, defense counsel indicated that the Facilities Supervisor position was not posted – i.e., it was not a position for which plaintiff (or anyone else) had an opportunity to apply.

Generally, when determining whether to permit discovery of personnel records, federal courts balance the requesting party's need for the information against the employee's claims of confidentiality or privacy. See, e.g., Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990). Inasmuch as the requests are limited to Bersuch's reassignment and the reasons for it, the court finds that the documents are relevant or reasonably calculated to lead to the discovery of admissible evidence. See Fed.R.Civ.P. 26(b)(1). Accordingly, plaintiff's motion as to these documents is GRANTED as to all documents pertaining to Kym Bersuch's reassignment from plumber supervisor to Facilities Project Supervisor, including all documents Adam Bayer used to justify that reassignment. However, to address any concerns about privacy

and confidentiality, Gardias (a) shall maintain the information as confidential; and (b) shall <u>not</u> use the information for any purpose other than to prosecute this lawsuit. Additionally, defendant will be permitted to redact any personal identifying information – birth dates, Social Security numbers, telephone numbers, home addresses and bank account information – from its production. However, defendant will not be permitted to redact names. Defendant shall produce all responsive documents to plaintiff no later than **October 3, 2008**.

**2.      Adam Bayer's Letters**

Plaintiff moves to compel "Two or Four letters which Adam Bayer Director promise give me and I never received them." (Plaintiff's Document Request No. 3). It was not apparent to this court what plaintiff meant. However, based on the discussion at the motion hearing, it appears that plaintiff seeks the production of certain letters written by Adam Bayer sometime after April 2006 (and, possibly, in November 2006) concerning plaintiff's work performance. Bayer's letters reportedly were directed or addressed to plaintiff, but plaintiff says that he did not receive them and could not locate them in his personnel file. Defendant represented to the court that all responsive documents pertaining to certain areas of plaintiff's work performance (e.g., plaintiff's alleged refusal to speak with Bayer without a union representative) have been produced to him and are in his personnel file. Defense counsel stated that there are some additional documents pertaining to other performance issues. As to these documents, defense counsel believes that they were handed to plaintiff directly, or are in his personnel file. Otherwise, defense counsel represents that there are no other documents to produce.

Inasmuch as defense counsel stated that there are some additional documents pertaining to performance issues other than plaintiff's alleged refusal to speak with Bayer without a union representative, those documents shall be produced to plaintiff, notwithstanding that plaintiff may have already received copies of them. Defendant shall complete its production of these documents by **October 3, 2008**.

**3.      Plaintiff's Deposition**

As discussed at the motion hearing, the fact discovery cutoff in this matter is extended to October 31, 2008 <u>solely for the purpose of permitting defendant to take plaintiff's deposition</u>.

3

1  Plaintiff is expected to confer and cooperate with defendant in scheduling his deposition.
2  Plaintiff is also reminded that defendant is entitled to depose him for up to seven hours
3  (excluding breaks) in this matter. See Fed.R.Civ.P. 30(d)(1). While the deposition may be
4  spread over two days, the court believes that, ideally, the deposition should take place on
5  consecutive days. Plaintiff's request to compel defendant to give him a free copy of the
6  deposition transcript is denied.[1]

7  SO ORDERED.

8  Dated: September 22, 2008

    HOWARD R. LLOYD
9   UNITED STATES MAGISTRATE JUDGE

---

[1] Except as otherwise stated in this order, the court denies plaintiff's September 10, 2008 "Motion to Compel re Defendant's September 4, 2008 Notice of Deposition" because (a) that motion apparently was filed before plaintiff made any effort to confer about the issues with defense counsel; and (b) plaintiff's subsequent filings indicate that defendant agrees to hold the deposition in San Jose and to permit plaintiff to bring his dictionary and documents to the deposition. (See Docket #32 and #34).

4

1  **5:07-cv-6242 Notice has been electronically mailed to:**

2  Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, David.Moss@doj.ca.gov

3  **Counsel is responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

4

5  **5:07-cv-6242 Notice has been delivered by other means to:**

6  Piotr J. Gardias
7  72 Floyd St.
   San Jose, CA 95110

5