**United States District Court**
For the Northern District of California

1

2                                          **\*E-FILED 12/8/2008\***

3

4

5

6

7                                    NOT FOR CITATION

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11

12   PIOTR J. GARDIAS,                              No. C07-06242 HRL

              Plaintiff,

13                                                  **ORDER DENYING PLAINTIFF'S**
      v.                                            **MOTION TO COMPEL DOCUMENTS**

14
     THE CALIFORNIA STATE UNIVERSITY,               **[Docket Nos. 38 and 39]**

15   SAN JOSE STATE UNIVERSITY,

16              Defendant.
                                              /

17

18        Presently before the court is plaintiff's motion to compel documents.  Defendant

19   opposes the motion.  No reply was filed and the time for filing one has passed.  Pursuant to

20   Civil Local Rule 7-1(b), the court now deems the matter appropriate for determination without

21   oral argument, and the December 16, 2008 hearing is vacated.  Upon consideration of the

22   moving and responding papers, this court denies the motion.[1]

23        On September 22, 2008, the court granted plaintiff's motion to compel defendant to

24   produce (a) all documents pertaining to Kym Bersuch's reassignment from plumber supervisor

25   to Facilities Project Supervisor, including all documents Adam Bayer used to justify that

26

27        [1]     With the sole exception for the completion of plaintiff's deposition, fact
     discovery closed on October 1, 2008.  The instant discovery motion was filed after the
     deadline for filing any motions to compel.  See Civ. L.R. 26-2.  The court has nevertheless
28   accepted and considered the motion.  At the September 16, 2008 hearing on plaintiff's prior
     discovery motion, the court indicated that it would entertain disputes as to defendant's
     production of the Bersuch documents and Bayer letters that the parties could not resolve on
     their own.

United States District Court
For the Northern District of California

1  reassignment; and (b) documents pertaining to plaintiff's performance issues (other than

2  plaintiff's alleged refusal to speak with Bayer without a union representative).

3       With respect to the Bersuch documents, Gardias now contends that defendant failed to

4  produce Bersuch's original resume and application for employment with the University.

5  Defendant represents that it has produced all of the documents ordered by the court.

6  Additionally, defendant says that, in an effort to avoid the necessity of the instant motion, it also

7  produced a copy of Bersuch's resume.  Indeed, plaintiff now seems to be seeking documents

8  that go beyond the scope of his document requests and this court's prior discovery order.

9       As for the "two or four letters" from Adam Bayer that plaintiff previously moved to

10  compel, it was not clear what the referenced "two or four letters" were, and plaintiff's

11  description of them was exceedingly vague.  Based on the discussion at the previous motion

12  hearing, the court could discern only that Gardias sought certain letters written by Adam Bayer

13  sometime after April 2006 (and, possibly, in November 2006) concerning plaintiff's work

14  performance.  At the hearing on plaintiff's previous motion to compel, defendant represented to

15  the court that (a) all responsive documents pertaining to certain areas of plaintiff's work

16  performance (e.g., plaintiff's alleged refusal to speak with Bayer without a union representative)

17  had been produced; and (b) there were some additional documents pertaining to other

18  performance issues that defendant believed plaintiff had either received or which were located

19  in his personnel file.  This court ordered defendant to produce the additional documents

20  pertaining to performance issues other than plaintiff's alleged refusal to speak with Bayer

21  without a union representative, notwithstanding that plaintiff may have already received copies

22  of them.  Defendant represents that it has produced all of those documents.  Although plaintiff

23  complains that the "two or four letters" from 2006 have not been produced, it is not apparent to

24  this court that there are any further documents that can be ordered produced.

25       Finally, this court finds no basis for plaintiff's contention that defendant has redacted

26  names from its document production.  Instead, it appears that defendant's copies of the

27  documents are rather dark, and signatures are therefore somewhat hard to see.  Although

28  plaintiff requests that defendant be ordered to produce better copies, his own motion papers

1   reveal that he already has a clear copy of the document about which he complains (e.g. AGO

2   2008).

3          Based on the foregoing, plaintiff's motion to compel is denied.

4          SO ORDERED.

5   Dated:    December 8, 2008

6                                                    _____
                                                     HOWARD R. LLOYD
7                                                    UNITED STATES MAGISTRATE JUDGE

**United States District Court**

For the Northern District of California

3

**United States District Court**

For the Northern District of California

1 | **5:07-cv-6242 Notice has been electronically mailed to:**

2 | Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, David.Moss@doj.ca.gov

3 | **Counsel is responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4 |

5 | **5:07-cv-6242 Notice has been delivered by other means to:**

6 | Piotr J. Gardias
72 Floyd St.
7 | San Jose, CA 95110

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

4